MARK B. MIZRAHI (CA BAR NO. 179384)
mark.mizrahi@saul.com
DANA M. SILVA (CA BAR NO. 271920)
dana.silva@ffslaw.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Of Counsel:

SHERRY H. FLAX (MD BAR NO. 03517)
*Pro Hac Vice Application Forthcoming*
sherry.flax@saul.com
SAUL EWING LLP
500 E. Pratt Street, Suite 900
Baltimore, MD 21202-3133
Telephone: (410) 332-8784
Facsimile: (410) 332-8785

*Attorneys for Plaintiff,*
*Ace Relocation Systems, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE RELOCATION SYSTEMS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST CLASS MOVING SYSTEMS, INC., a Florida corporation,<br><br>Defendant. | Case No. '24CV0114 JO   MSB<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** |

Plaintiff Ace Relocation Systems, Inc. ("Plaintiff" or "Ace Systems"), by its undersigned counsel, brings this action against First Class Moving Systems, Inc. ("Defendant" or "First Class") for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946, as amended, 15. U.S.C. §1051, et seq., as follows:

## PARTIES

1. Plaintiff Ace Relocation Systems, Inc. is a Washington Corporation with its principal place of business at 5608 Eastgate Drive, San Diego, California 92121.

2. Upon information and belief, Defendant First Class is a Florida Corporation with its principal place of business at 8110 Anderson Road, Suite 100, Tampa, FL 33634.

## JURISDICTION AND VENUE

3. Through this Complaint, Plaintiff asserts claims against Defendant that arise, *inter alia*, under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*.

4. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 15 U.S.C. § 1121.

5. The Court has personal jurisdiction over Defendant, as upon information and belief Defendant has provided, and is providing, its services in connection with the accused infringing trademark to customers throughout the State of California, and elsewhere throughout the United States.

6. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims herein occurred in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(3), as Defendant does business in the Southern District of California, and is subject to personal jurisdiction in this judicial district.

## BACKGROUND FACTS

7. Plaintiff is in the business of providing residential and commercial moving, relocation, storage, and warehouse services throughout the United States.

8. Plaintiff operates through ten (10) offices and locations in eight (8) different U.S. States, including California, Maryland, Texas, Illinois, Ohio, Florida, Arizona, and Washington. Plaintiff's Florida office is located in Orlando.

9. Plaintiff maintains an interactive web site through which it conducts business at www.acerelocation.com.

10. Plaintiff owns federal service mark registrations for the marks **ACE RELOCATION SYSTEMS, INC.**, U.S. Reg. No. 3,511,613 (the "'613 Registration"), and **ACE RELOCATION SYSTEMS (And Design)**, U.S. Reg. No. 5,901,539 (the "'539 Registration"); the logo associated with the '539 Registration is shown below.



11. The '613 Registration was issued on October 7, 2008, and relates to "freight forwarding services; freight transportation by truck; furniture moving; moving van services." A true and correct copy of the '613 Registration is attached hereto as <u>Exhibit A</u>. The mark ACE RELOCATION SERVICES, INC., has been used continuously and exclusively by Plaintiff since at least as early as January 1992 and is incontestable.

12. The '539 Registration was issued on November 5, 2019, and relates to services such as "[f]reight forwarding services; freight transportation by truck; furniture moving; moving van services; moving van transport; moving and storage of furniture, household goods, office equipment; moving company services." A true and correct copy of the '539 Registration is attached hereto as <u>Exhibit B</u>. The mark ACE RELOCATION SYSTEMS (And Design) has been used continuously and

1 exclusively by Plaintiff since at least as early as October 31, 2015 (i.e., over 8 years).

13. The '613 Registration and the '539 Registration are valid and subsisting, and have never been subject to challenge by any party before the U.S. Trademark Office.

14. Plaintiff has expended substantial sums in advertising and promoting the marks ACE RELOCATION SYSTEMS (And Design) and ACE RELOCATION SYSTEMS, INC. (collectively, "Plaintiff's Marks") in connection with moving and transportation services, including but not limited to significant expenditures devoted to research, advertising, marketing, sponsoring community-related events, and maintaining an Internet web site.

15. As a result of the promotion, advertising, and sales of Plaintiff's services under the mark ACE RELOCATION SYSTEMS, INC. for over thirty (30) years, and the maintenance of the highest quality standards relating thereto, consumers have come to associate the marks ACE RELOCATION SYSTEMS, INC. and ACE RELOCATION SYSTEMS exclusively with Plaintiff.

16. Plaintiff's Marks are inherently distinctive.

17. Plaintiff's Marks have also acquired distinctiveness through Plaintiff's use of such marks in connection with its moving and transportation services for well over five (5) years continuously and exclusively.

18. Upon information and belief, Defendant is a residential and commercial moving services company headquartered in Florida and operating throughout the United States. Defendant maintains several regional offices, including one located in Orlando, Florida.

19. On the home page of its Internet web site located at www.movewithclass.com ("Site"), Defendant refers to its business as "Ace Moving & Storage (And Design):"

20. According to Defendant's Site, Defendant's moving and transportation services are identical to the services provided by Plaintiff under Plaintiff's Marks.

21. Defendant's Site states: "Long Distance Moving Company: At First Class Moving Systems, we aren't just a residential mover—we handle long distance relocations as well! Whether you are heading to a nearby state or clear across the country, our team can easily relocate you wherever you need to go…." https://www.movewithclass.com/residential-movers/long-distance-movers/.

22. Upon information and belief, Defendant has intentionally and deliberately used, and continues to use, a mark that is nearly identical to Plaintiff's Marks for the purpose of exploiting and trading upon the substantial goodwill and reputation of Plaintiff, and to enable Defendant to confuse and mislead customers into believing that its services emanate from, or otherwise are sponsored by or affiliated with, Plaintiff.

23. Defendant seeks to capitalize on the goodwill engendered by Plaintiff by using the name "Ace" and a design with turquoise palm trees in connection with its business.

24. On December 19, 2023, Plaintiff sent a letter via email to Defendant requesting that it immediately cease and desist from use of mark "Ace" in connection with moving, storage and transportation services (the "December Letter"). A true and correct copy of that letter is attached as <u>Exhibit C</u>.

25. The parties have been unable to reach agreement regarding Defendant's use of its strikingly similar mark to Plaintiff's Marks. To date, Defendant continues to use the term ACE, the color turquoise, and palm trees on its Site.

## **COUNT I - TRADEMARK INFRINGEMENT**
### (Under Section 32 of the Lanham Act)

26. Plaintiff realleges and incorporates by reference the allegations in the foregoing Paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiff owns all right, title, and interest in and to the marks in the '539 Registration and the '613 Registration for the marks ACE RELOCATION SYSTEMS (And Design) and ACE RELOCATION SYSTEMS, INC.

28. Defendant is improperly and willfully infringing the marks in the '539 Registration and the '613 Registration in interstate commerce through the advertising, promotion, and sale of its moving services.

29. Defendant's use of the mark "Ace," the color turquoise, and palm trees in connection with offering and providing moving services is likely to continue to cause confusion among consumers who believe, contrary to fact, that Defendant's services are provided by or emanate from, or are otherwise sponsored by or affiliated with, Plaintiff.

30. Defendant's use of the term "Ace" in a manner highly similar to Plaintiff's infringes on Plaintiff's exclusive rights in Plaintiff's Marks within the meaning of § 32 of the Lanham Act, 15 U.S.C. § 1114. Particularly, customers are likely to purchase Defendant's services believing them to be those of Plaintiff, thereby resulting in a loss of goodwill and sales to Plaintiff.

31. Defendant's conduct constitutes trademark infringement, and/or induces or contributes to acts of trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

33. Unless enjoined by this Court, Defendant will continue to infringe upon Plaintiff's Marks, thereby creating the likelihood of consumer confusion, deceiving the public, and causing Plaintiff immediate and irreparable injury, including loss of goodwill and loss of income, for which it has no adequate remedy at law.

/ / /

/ / /

**COUNT II - UNFAIR COMPETITION**

(False Designation of Origin Under Section 43(a) of the Lanham Act)

34. Plaintiff realleges and incorporates by reference the allegations in the foregoing Paragraphs 1 through 33 as if fully set forth herein.

35. The mark ACE RELOCATION SYSTEMS (And Design) shown in the '539 Registration operates as an indicator of source and/or origin, is inherently distinctive and/or has acquired distinctiveness via secondary meaning.

36. The mark ACE RELOCATION SYSTEMS (And Design) has been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as October 31, 2015.

37. The mark ACE RELOCATION SYSTEMS (And Design) is distinctive in the minds of the relevant purchasers of Plaintiff's services as being associated exclusively with Plaintiff.

38. The mark ACE RELOCATION SYSTEMS, INC. shown in the '613 Registration operates as an indicator of source and/or origin, is inherently distinctive and/or has acquired distinctiveness via secondary meaning.

39. The mark ACE RELOCATION SYSTEMS, INC. has been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as January 1992.

40. The mark ACE RELOCATION SYSTEMS, INC. is distinctive in the minds of the relevant purchasers of Plaintiff's services as being associated exclusively with Plaintiff.

41. The mark ACE RELOCATION SYSTEMS operates as an indicator of source and/or origin, is inherently distinctive and/or has acquired distinctiveness via secondary meaning.

42. The mark ACE RELOCATION SYSTEMS has been in continuous and exclusive use throughout the United States, by Plaintiff, since at least as early as January 1992.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

43. The mark ACE RELOCATION SYSTEMS is distinctive in the minds of the relevant purchasers of Plaintiff's services as being associated exclusively with Plaintiff.

44. Defendant, through use of the mark "Ace," the color turquoise, and palm trees, has, without authorization, in connection with its goods and/or services in commerce, made or contributed to the making of false designations of origin, false or misleading descriptions of fact, and/or false or misleading representations of fact, which are likely to cause confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's goods and/or services, in violation of Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)).

45. Consumers are likely to purchase the Defendant's services offered under the mark "Ace" believing that Defendant is affiliated, connected, or associated with Plaintiff, resulting in a loss of goodwill to Plaintiff.

46. Defendant's acts as set forth herein constitute unfair competition, and/or induce or contribute to acts of unfair competition.

47. Defendant's unfair acts have been committed in bad faith and with the intent to cause confusion, mistake and/or to deceive.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has been, and is likely to be, substantially injured in its business including harm to its goodwill and reputation and the loss of revenues and profits.

49. Unless enjoined by this Court, Defendant will continue to compete unfairly with Plaintiff, thereby deceiving the public, creating the likelihood of consumer confusion, and causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

1. The Court enter judgment that:

    a. Defendant has infringed Plaintiff's exclusive rights in its registered service marks under § 32 of the Lanham Act, 15 U.S.C. § 1114; and

    b. Defendant has competed unfairly with Plaintiff under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. The Court enter a permanent injunction against Defendant's use of the mark "Ace," the color turquoise, and palm trees, or any confusingly similar terms, designs, or elements in connection with providing moving services, or any services related to such services.

3. The Court award damages as against Defendant in an amount to be proven at trial.

4. The Court enter judgment requiring Defendant to remove all references to terms, designs and elements identical to, or confusingly similar with, Plaintiff's Marks, and to produce for destruction all articles, displays, advertisements, labels, signs, prints, packages, packaging, wrappers, receptacles, brochures, catalogs, plates, molds, uniforms, and logo items in its possession or control (including but not limited to all products and marketing materials associated with its moving services) which display a mark which is identical to, or confusingly similar with, Plaintiff's Marks, as provided by Section 36 of the Lanham Act (15 U.S.C. § 1118).

5. The Court enter judgment requiring Defendant to file with the Court and to serve upon Plaintiff's counsel within thirty (30) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which it has complied with such injunction or order pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116(a)).

6. The Court enter judgment:

    a. awarding Plaintiff such actual damages as it has sustained by reason

1  of Defendant's acts of trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a) (including, but not limited to, a disgorgement of Defendant's profits, Plaintiff's lost profits, and the costs of this action);

    b. awarding treble damages for such trademark infringement;

    c. awarding Plaintiff its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such trademark infringement; and

    d. requiring Defendant to account to Plaintiff for any and all profits derived by it from sales of its moving services under the mark "Ace," and to compensate Plaintiff for all damages sustained by reason of such trademark infringement and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117).

7. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: January 17, 2024    SAUL EWING LLP

By:    / s / Mark B. Mizrahi
MARK B. MIZRAHI
Attorneys for Plaintiff,
ACE RELOCATION SYSTEMS, INC.

SAUL EWING LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

# EXHIBIT A

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 3,511,613
Registered Oct. 7, 2008

## SERVICE MARK
### PRINCIPAL REGISTER

ACE RELOCATION SYSTEMS, INC.

ACE RELOCATION SYSTEMS, INC. (WASHINGTON CORPORATION)
5608 EASTGATE DRIVE
SAN DIEGO, CA 92121

FOR: FREIGHT FORWARDING SERVICES; FREIGHT TRANSPORTATION BY TRUCK; FURNITURE MOVING; MOVING VAN SERVICES, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 1-0-1992; IN COMMERCE 1-0-1992.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RELOCATIONS SYSTEMS, INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 77-406,209, FILED 2-26-2008.

C. DIONNE CLYBURN, EXAMINING ATTORNEY

# EXHIBIT B

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,901,539**

**Registered Nov. 05, 2019**

**Int. Cl.: 39**

**Service Mark**

**Principal Register**

Ace Relocation Systems, Inc.  (CALIFORNIA CORPORATION)
5608 Eastgate Drive
San Diego, CALIFORNIA 92121

CLASS 39: Freight forwarding services; freight transportation by truck; furniture moving; moving van services; moving van transport; moving and storage of furniture, household goods, office equipment; moving company services

FIRST USE 10-31-2015; IN COMMERCE 10-31-2015

The colors blue and red are claimed as a feature of the mark.

The mark consists of the word "ACE" in blue where the negative space of the "A" is in the form of a palm tree. Below is the wording "RELOCATION SYSTEMS" in red. The white in the mark represents transparency and is not a feature of the mark.

OWNER OF U.S. REG. NO. 3511613

No claim is made to the exclusive right to use the following apart from the mark as shown: "RELOCATION SYSTEMS"

SER. NO. 88-359,505, FILED 03-27-2019

Director of the United States
Patent and Trademark Office

**EXHIBIT B**
**14**

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

**EXHIBIT B**
**15**

# EXHIBIT C

**SAUL EWING ARNSTEIN & LEHR** LLP

Sherry H. Flax
Phone: (410) 332-8784
Fax: (410) 332-8862
Sherry.Flax@saul.com
www.saul.com

December 13, 2023

**Via Federal Express Overnight Mail**

Chris Hunt, CEO
First Class Moving Systems, Inc.
8110 Anderson Rd. Suite 100
Tampa, FL 33684

   Re: Trademark Infringement: ACE RELOCATION SYSTEMS,
      U.S. Reg. No. 3511613

Dear Mr. Hunt:

  This office represents Ace Relocation Systems, Inc. ("Ace"), in connection with its intellectual property and related matters. Ace Relocation has been in the business of providing moving and freight transportation services throughout the United States since at least as early as 1992 and is well known in the moving industry. Ace Relocation maintain offices and operations throughout the United States, including in Orlando, Florida.

  Ace Relocation owns federal registrations for its ACE RELOCATION SYSTEMS, INC., U.S. Reg. No. 3511613, and ACE RELOCATION SYSTEMS (AND DESIGN), U.S. Reg. No. 5901539, trademarks. By virtue of its registrations and continuous use of its ACE RELOCATION SYSTEMS trademarks, Ace Relocation has the exclusive right to use it name in connection with moving and related services. Its substantial investment of time, effort and resources, high quality standards, and advertising and marketing of the ACE RELOCATION SYSTEM trademarks has resulted in the establishment of valuable goodwill and recognition among consumers.

  We recently learned that First Class Moving Systems, Inc. ("First Class") is using the name "Ace Moving & Storage" in connection with its moving and logistics services. www.movewithclass.com. A copy of the home page depicting "Ace Moving & Storage" is enclosed. Your use of the term "Ace" in a blue color and font similar to that used by Ace is likely to cause consumer confusion as to the source of your services. This constitutes trademark infringement, unfair competition, and false designation of origin under the Lanham Act, analogous state laws, and common law. The Lanham Act provides for temporary, preliminary, and permanent injunctive relief in addition to damages, including your profits, upon the showing

**EXHIBIT C**

of a likelihood of consumer confusion. 15 U.S.C. § 1117. If your infringement is willful, the court may award treble damages and attorneys' fees.

In view of the irreparable harm caused from your use of "Ace" to identify your services, we request that you immediately and permanently cease and desist from all use of the term ACE or any colorable imitation or similar term in connection with your moving services or the advertising and promotion of those services, including on your web site, social media, signage, and the like. We also request a full accounting of the revenues derived by you during the entire period of your use of the term "Ace." **Please contact this office by no later than Friday, December 22, 2023,** to notify us of your compliance with these requests.

This letter is written without prejudice to any of Ace's rights and remedies, in law and equity, all of which are expressly reserved. We look forward to a prompt and amicable resolution of this matter.

>Very truly yours,
>
>/sherry flax/
>
>Sherry H. Flax

/enclosure
cc:  Ace Relocation Systems, Inc.